# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| vs. | **Case No: 14-03106-26-CR-S-MDH** |
| **JEFFERY GARDNER,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Tammy Dickinson, United States Attorney for the Western District of Missouri, and undersigned counsel respectfully submits this sentencing memorandum in the above-captioned matter. For the reasons set forth below, the Government recommends that this Court sentence the defendant, Jeffrey Gardner to a term of incarceration of 204 months (17 years) and an appropriate term of supervised release.

## I. BACKGROUND

Gardner, on April 14, 2016, pleaded guilty pursuant to a written plea agreement to Count 1 of the Second Superseding Indictment charging him with Conspiracy to Distribute 500 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). Additionally, Gardner admitted to a Forfeiture Allegation contained in the Second Superseding Indictment. A detailed factual summary of the offense conduct was contained in paragraph 3 of the plea agreement, and defendant agreed that "the facts constituting the offense to which the defendant is pleading guilty" were contained in paragraph 3. In paragraph 3, Gardner admitted that he had an agreement with Daniel and Kenna Harmon, and others, to distribute 500 grams or more of a mixture or substance

containing a detectable amount of methamphetamine. In the plea agreement, Gardner admitted that he has sold methamphetamine to others that he had obtained from the Harmon Drug Trafficking Organization (DTO) further admitted that "[i]n total, the HARMON DTO was responsible for the distribution of over 45 kilograms of methamphetamine from June 1, 2013, through November 29, 2014, and Gardner was aware, or had reason to be aware, of this amount being distributed by the HARMON DTO." (D.E. 589, ¶ 3, p. 3).

On July 18, 2016, the final Presentence Investigation Report (PSR) was filed, indicating that Gardner's base offense level, after acceptance of responsibility, for Count 1 is 35, after acceptance of responsibility, with a criminal history category of V. (PSR ¶ 120). Gardner's presentence investigative report indicated that his sentencing range is 292 to 365 months. (PSR ¶ 120). There is a statutory minimum sentence in this case for Count 1 of ten years. (PSR ¶ 119). The Government had no objections to the presentence report. Gardner filed objections to the PSR, but as far as the government can determine, the objections do not impact the total offense level determined by the PSR.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors

listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

### III. DISCUSSION

#### A. Statutory and Guidelines Calculations

Gardner's presentence investigative report indicated that his sentencing range for Count 1 would be 292 to 365 months. There is a statutory minimum in this case for Count 1 of ten years. The Government concurs with these calculations. Gardner filed objections to the PSR, but apart from his suggestion that he played a "minimal role" in the conspiracy, none of the objections effect the total offense level determined in the PSR.

Regarding Gardner's suggestion that he played a minimal role in the conspiracy, the facts in the PSR and agreed to by the parties in the plea agreement suggest otherwise. The Sentencing Guidelines do allow for a two to four-offense level minor or minimal-participant reduction for those "who are plainly among the least culpable of those involved in the conduct of a group" or "less culpable than most participants in the criminal activity, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, cmt. n. 4 and 5. The Sentencing Commission noted a defendant's lack "knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant. *Id.* cmt. n. 4. Minimal participants are those with "insignificant" involvement in the criminal activity. *United States v. Boksan*, 293 F.3d 1056, 1058 (8th Cir. 2002). The burden of establishing minor or minimal-participant status rests with the criminal defendant. *See United States v. Bueno*, 443 F.3d 1017, 1022 (8th Cir.2006). In determining whether a defendant qualifies as a minor or minimal participant, a court should look at the defendant's relevant conduct. *United States v. Carasa–Vargas*, 420 F.3d 733, 737 (8th Cir. 2005). "A court must also compare the acts of the defendant to the acts of the other participants

3

and the acts of the defendant as they relate to the elements of the offense." *United States v. Goodman*, 509 F.3d 872, 875–76 (8th Cir. 2007).

Here, Gardner can be considered neither a minor nor minimal participant. According to the plea agreement, Gardner, on two separate occasions, personally distributed a total of 101 grams of methamphetamine. The plea agreement also stated that Gardner was in regular telephone contact with Kenna Harmon and Kenneth Friend in order to obtain methamphetamine from these sources of supply. Further, as stated in the plea agreement, Gardner was well aware that he was part of a large methamphetamine distribution enterprise involved in the distribution of at least 45 kilograms of methamphetamine. This Court can find that a minor or minimal reduction is not appropriate when a defendant actually distributes methamphetamine for sale, as opposed to being a courier, and who understood the large scope of the conspiracy. *United States v. White*, 241 F.3d 1015, 1024 (8th Cir. 2001).

The PSR's determination that Gardner's total offense level is 35, that his advisory guideline range is 292 to 365 months, and his statutory minimum sentence is 120 months, is correct, and this Court should adopt the PSR's guideline determinations.

**B.**     **Statutory Sentencing Factors**

    **1.**     **Nature and Circumstances of the Offense**

Gardner was involved in a large scale conspiracy to distribute methamphetamine. As part of Gardner's criminal conduct, he sold a large amount of methamphetamine himself, and facilitated the sale of methamphetamine as a member of the Harmon drug trafficking organization.

The circumstances of Gardner's actions, in the distribution of large amounts of methamphetamine reflect a serious danger to the general community. Gardner's distribution methamphetamine brought these drugs into the community and seriously degraded the quality of

life within that community, with increased drug use, the possibility of decreased property values and affected the general safety of the surrounding community. A sentence within the advisory guideline range reflects the serious nature of this offense and the need for adequate punishment.

## 2. History and Characteristics of the Defendant

Gardner has 22 criminal history points and his criminal history category under the sentencing guidelines at a level VI. Gardner has at least one possession with intent to distribute marijuana from 2008, for which Gardner was still on parole for when he began his involvement in this case. But for the Government's choice in not filing an information under Title 21, United States Code, Section 851, Gardner's statutory minimum would have been 240 months, as opposed to 120 months.

The PSR reflects that Gardner has a long history of drug and alcohol abuse, and violent behavior. Gardner's convictions include Common Assault, Domestic Assault, DWI, Tampering, 3d Degree Assault, Possession of Marijuana, and Possession of Marijuana with Intent to Distribute. Gardner's Domestic Assault convictions reflect a person who serious anger control issues, and who has hit family members on a regular basis. Also, when intoxicated Gardner has engaged in violent and anti-social behavior, striking others with his fists and using derogatory racial epithets. Gardner's history and characteristics reflect a person with substance abuse problems and anger control issues, with inability to comply with legitimate law enforcement action, and also with a significant and recent drug distribution conviction. The Court should fashion a sentence that not only punishes, but, based upon Gardner's history and characteristics, is fair in the light of Gardner's past criminal conduct. A sentence or 204 months will provide such serious punishment.

5

### 3. Need to Promote Respect for the Law

Based on Gardner's history and actions, the Government would contend that a substantial sentence is necessary to promote respect for the law, both on the part of Gardner, as well as on the part of the community. Gardner's past criminal conduct and his continued distribution of methamphetamine while on parole for the manufacture of methamphetamine indicate that Gardner has no respect for the law, and a long period of incarceration is necessary to ensure that he develop such a respect for the law.

### 4. Need to Afford Adequate Deterrence to Criminal Conduct

Gardner served a sentence of 8 years from Greene County, Missouri, for distribution of a controlled substance, and was on parole, when he participated in the Harmon DTO. Clearly, this sentence did not deter Gardner from committing this type of criminal conduct. At the very least, Gardner should be sentenced to a period of incarceration greater than that he has already received. A sentence of 204 months would provide a deterrent to this defendant and those who commit similar types of crimes. While it is impossible to truly determine if others will be deterred from committing future crimes, a 204-month sentence will specifically deter this defendant from committing additional crimes during his period of incarceration.

### 5. Need to Protect the Public from Further Crimes of the Defendant

Gardner has shown that he is a danger to the community by his actions. A guideline sentence will give the community peace and security from Gardner at least for the period of time he is incarcerated.

### 6. Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment

The Government would submit that this defendant would benefit from a program that allows him to obtain further education. Gardner does not have a high school degree but does have

a GED.  The Government believes that Gardner would benefit from vocational training and other educational opportunities, as this would assist in his ability to obtain employment after his period of incarceration.

Gardner has a history of substance abuse involving alcohol, marijuana, methamphetamine, and cocaine.  The Government believes that Gardner would benefit from the 500-hour substance abuse treatment program offered by the United States Bureau of Prisons, and would not object to Gardner's placement in the program.

### 7. The Need to Avoid Unwarranted Sentencing Disparities

The defendant's attorney suggests his sentencing memorandum, filed August 12, 2016, that that a sentence of 120 months is appropriate in the case, and further suggests that it is his belief that that government will make a recommendation of 144 months.  The government would note that during the plea negotiations in this case, the government had indicated that it would recommend a sentence of 144 months if Gardner would cooperate in the case.  Gardner refused, so he should not expect the government to make a similar recommendation without cooperation.

However, and more relevant to the court's deliberations in this case, is the need to avoid unwarranted sentencing disparities in this case.  There is a serious risk of disproportionate sentencing if the defendant is not giving a sentence of greater than 180 months.  This Court, recently sentenced co-defendant Gregory Jones (Case No. 14-03106-24-CR-S-MDH) to a sentence of 180 months for his involvement in the distribution of over 500 grams of methamphetamine that he obtained from the Harmon DTO.  Jones and Gardner were at the same level in the conspiracy, mid-level distributors of methamphetamine obtained from Kenna Harmon.  Jones, however, had 10 criminal points, a criminal history of V and a guideline range of 262 to 327 months.  After a sentencing hearing, this Court sentenced Jones to 180 months.

To give Gardner a sentence of 120 to 144 months, as suggested in his sentencing memorandum, would create a serious sentencing disparity. Gardner was found to have over twice as many criminal history points (22) as Jones (10) and Gardner's criminal history category was found in the PSR to be a VI, the highest possible category. Further, based on this elevated criminal history category, Gardner's advisory guideline range (292-365 months) is also higher than Jones was (262-327 months). A proportionate sentence for Gardner, in light of Jones' 180-month sentence, must be greater than 180 months. The government believes a sentence of 204 months, under the facts and circumstances of this case, would be justly proportionate.

A sentence which does not include a significant period of incarceration would be disproportionate in light of the nature of the crime and other sentences imposed on similarly situated defendants. A sufficient period of incarceration is necessary to punish the defendant his actions. The government believes that a 204-month sentence would be an adequate punishment to accomplish this.

## IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers a variety of factors, including the advisory guideline range. The Government respectfully requests that Gardner's role in the offense, behavior and history, the need to promote respect for the law, the need to protect the public from Gardner, and any other statutory sentencing factors be considered in reaching an appropriate sentence. In conclusion, the Government respectfully requests this Court to impose a 204-month sentence for Count 1. Such a sentence would be consistent with the circumstances of this case.

Respectfully submitted,

TAMMY DICKINSON
United States Attorney


*/s/ Randall D. Eggert*
RANDALL D. EGGERT Mo Bar #39404
Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 14th day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

>*/s/ Randall D. Eggert*
>RANDALL D. EGGERT
>Assistant United States Attorney